# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS RHODES,<br><br>                           Plaintiff,<br>vs.<br><br>COSTCO WHOLESALE<br>CORPORATION, a Corporation; and<br>DOES 1 through 25, inclusive,<br><br>                           Defendant. | **CASE NO. 09-CV-2896 H (JMA)**<br><br>**ORDER DENYING<br>PLAINTIFF'S MOTION TO<br>REMAND** |

On November 2, 2009, Douglas Rhodes ("Plaintiff") filed a complaint against Costco Wholesale Corporation ("Defendant") in the San Diego Superior Court, North County Branch. (Doc. No. 1, Compl.) Plaintiff alleged causes of action for (1) employment discrimination based on disability or perceived disability in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 et seq.; (2) employment discrimination based on failure to accommodate disability or perceived disability in violation of FEHA; (3) failure to engage in a timely, good-faith interactive process in violation of FEHA, Cal. Gov't Code § 12940(n); (4) retaliation; and (5) wrongful termination in violation of public policy. (Id.) On December 23, 2009, Defendant filed an answer to Plaintiff's complaint. (Doc. No. 1, Ans.) On December 24, 2009, Defendant filed a notice of removal on the basis of federal

1  question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332. (Doc. No. 1.) On January 20,
2  2010, Plaintiff filed a motion to remand pursuant to 28 U.S.C. § 1445(c), contending that his
3  fourth cause of action for retaliation due to filing a workers' compensation claim renders his
4  case non-removable. (Doc. No. 5.) On February 22, 2010, Defendant filed a response in
5  opposition to Plaintiff's motion to remand. (Doc. No. 7.) On February 26, 2010, Plaintiff filed
6  a reply in support of its motion to remand. (Doc. No. 8.) The Court, pursuant to its discretion
7  under Local Civil Rule 7.1(d)(1), determines this matter is appropriate for disposition without
8  oral argument and submits it on the parties' papers.

## DISCUSSION

10  When a plaintiff moves to remand a case, the defendant bears the burden of establishing
11  that removal was proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Any
12  questions regarding the propriety of removal are resolved in favor of the party moving for
13  remand. Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

14  Plaintiff argues that removal is barred by 28 U.S.C. § 1445(c) because his claim "arises
15  under" California's workers' compensation laws. (Doc. No. 5 at 6.) Congress enacted 28
16  U.S.C. § 1445(c) to preserve a plaintiff's choice of forum, to protect "'states' interest in
17  administering their own workers' compensation schemes,'" and to reduce the workload that
18  workers' compensation cases cause in federal courts. Vasquez v. N. County Transit Dist., 292
19  F.3d 1049, 1061, 1061 n.6 (9th Cir. 2002) (quoting Armistead v. C & M Transport, Inc., 49
20  F.3d 43, 46 (1st Cir. 1995)). Section 1445(c) provides that "[a] civil action in any State court
21  arising under the workmen's compensation laws of such State may not be removed to any
22  district court of the United States."

23  The term "arising under" in the context of section 1445(c) has the same meaning as
24  "arising under" in 28 U.S.C. § 1331, which governs federal question jurisdiction. See Reed
25  v. Heil Co., 206 F.3d 1055, 1059 (11th Cir. 2000); Humphrey v. Sequentia, Inc., 58 F.3d 1238,
26  1245-46 (8th Cir. 1995); Names v. Lee Publ'ns, No. 09-CV-132 BEN CAB, 2009 WL
27  3008296, at *2 (S.D. Cal. Sept. 21, 2009). In defining "arising under" for purposes of section
28  1331, the Ninth Circuit has explained that

> [a] claim arises under a federal law within § 1331 if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim.

Virgin v. County of San Luis Obispo, 201 F.3d 1141, 1142-43 (9th Cir. 2000).

Plaintiff argues that his fourth cause of action for retaliation arises under California's workers' compensation laws. (Doc. No. 5 at 6-10.) Plaintiff's retaliation claim alleges that Defendant violated FEHA by terminating him because he (1) filed a workers' compensation claim and (2) requested an accommodation. (Doc. No. 1 ¶¶ 42-47.) FEHA, and not California's workers' compensation laws, creates Plaintiff's cause of action. Accordingly, Plaintiff's retaliation claim arises under California's workers' compensation laws only if those laws are a necessary element of Plaintiff's claim. See Virgin, 201 F.3d at 1242-43.

The Court concludes that California's workers' compensation laws are not a necessary element of Plaintiff's FEHA retaliation claim. Importantly, the Court notes that in June 2009, a judge for the Workers' Compensation Appeals Board approved a compromise and release between Plaintiff and Defendant in which Plaintiff settled and released any claim for disability discrimination under Labor Code section 132a.[1] (Doc. No. 7-1 Ex. C.) Plaintiff is therefore precluded from pursuing a claim for retaliation under the relevant section of California's workers' compensation laws. Since Plaintiff may not bring a claim under Labor Code section 132a directly, the Court concludes that Plaintiff's FEHA retaliation claim does not arise under this section. Moreover, resolution of Plaintiff's claim does not require analysis of California's

---

[1] California Labor Code section 132a, which is part of the State's workers' compensation laws, codifies a claim for retaliatory discharge:
> It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment. (1) Any employer who discharges . . . any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer . . . is guilty of a misdemeanor and the employee's compensation shall be increased by one-half . . . . Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

Cal. Lab. Code § 132a.

1  workers' compensation laws.  Rather, Plaintiff's filing a workers' compensation claim is
2  merely one of two events that allegedly provided Defendant with motivation to retaliate against
3  Plaintiff.  Finally, Defendant argues that a claim for retaliation under FEHA cannot be based
4  on the filing of a workers' compensation claim, but instead must be based upon a plaintiff's
5  opposition to activities that a plaintiff reasonably believed to constitute unlawful
6  discrimination. (Doc. No. 7 at 11-15 (citing Cal. Gov't Code § 12940(h); Yanowitz v. L'Oreal
7  USA, Inc., 36 Cal. 4th 1028, 1043 (2005).)

## CONCLUSION

The Court concludes that Plaintiff's retaliation claim does not arise under California's workers' compensation laws, and accordingly denies Plaintiff's motion to remand pursuant to 28 U.S.C. § 1445(c).  Since this case is properly before this Court under 28 U.S.C. § 1332, the Court will maintain jurisdiction over this matter.[2]

**IT IS SO ORDERED**.

DATED: March 3, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record

---

[2] The parties dispute whether federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists in this case. (See Doc. Nos. 5 at 5, 7 at 7-10, & 8 at 3-5.)  Since the case is properly before this Court based on diversity jurisdiction, the Court declines to reach the issue of whether federal question jurisdiction exists.